UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DALTON WAYNE BRAUN,

        Defendant.
_____/

Case No. 2:24-cr-26

Hon. Robert J. Jonker
United States District Judge

**DEFENDANT'S SENTENCING MEMORANDUM**

**I. Introduction**

    Mr. Braun is set for sentencing before this Court on December 2, 2025. The final Presentence Investigation Report (PSR) scores Mr. Braun at a total offense level 43 and criminal history category III for an advisory guideline range of life; however, the statutory maximum in this case is 30 years, and so the guideline term of imprisonment is 360 months. (ECF No. 53, PSR, PageID.173). The defendant is requesting a downward variance for a sentence of 300 months of custody.

**II. Legal Discussion**

    The Sentencing Guidelines are only the starting point in the sentencing process. Under *United States v. Booker*, 543 U.S. 220 (2005), the Court must consider several statutory factors when determining an appropriate sentence. After properly calculating the advisory guideline range and hearing from both parties, the Court must then weigh all of

the 18 U.S.C. § 3553(a) factors. *Gall v. United States*, 552 U.S. 38, 49–50 (2007). As *Kimbrough v. United States*, 552 U.S. 85, 101 (2007) makes clear, § 3553(a) directs courts to impose a sentence that is "sufficient, but not greater than necessary" to achieve the purposes of sentencing.

**III.   Section 3553(a) Factors**

    **(1)   Nature and circumstances of the offense and the history and characteristics of the defendant;**

*Offense conduct*

Mr. Braun pled guilty to one count of sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a) and (e).

*History and characteristics of the defendant*

Mr. Braun fully acknowledges the harm caused by his actions. In his own words to the probation officer, putting his crime and the impact it had on his family into writing was the hardest thing he has ever done. This offense is undeniably grave. But even in cases involving deeply serious conduct, the law requires individualized sentencing—one that considers both the offense and the offender. As clarified by the Supreme Court in *Williams v. New York*, 337 U.S. 241, 69 S. Ct. 1079, 93 L. Ed. 1337 (1949), the Court emphasized the importance of "individualizing sentences." It went even further to explain the concept that "the punishment should fit the offender and not merely the crime," adding also that "The belief no longer prevails that every offense in a like legal category calls for an identical punishment without regard to the past life and habits of a particular offender." *Id*. at 247.

Mr. Braun's background provides crucial context. He was sexually abused as a child and that trauma profoundly shaped his development. That abuse left him hypersexualized at an early age and contributed to lifelong struggles with mental health, including bipolar disorder. Over time, these struggles fueled multiple addictions—to substances, alcohol, sex, and pornography—that escalated until his life unraveled.

During the period leading up to his arrest, Mr. Braun was using methamphetamine daily and spiraling emotionally. Even before the authorities became involved, he stopped abusing his son, ceased viewing child pornography, and began to reconcile with his wife. He recognized the harm he caused, experienced deep remorse, and made genuine efforts toward recovery.

Once the crime was discovered, Mr. Braun immediately cooperated. He provided full access to his devices, assisted investigators in understanding the online exploitation landscape, and pled guilty, thereby sparing his family and his son the pain of a public trial.

### *Individualized Sentencing*

Many defendants convicted under § 2251 face guideline ranges at or above the statutory maximum, leaving little room for meaningful differentiation. Yet sentencing must remain individualized. A defendant who accepts responsibility, cooperates, and demonstrates remorse should not be treated the same as one who denies responsibility and forces a victim to testify.

The upper end of the guideline range should be reserved for the worst of the worst—those who show no remorse, deny culpability, or continue to endanger others. Mr. Braun is

not among them. His case reflects tragedy, responsibility, and the beginnings of rehabilitation.

### *Requested Sentence*

A 25-year sentence, or 300 months, appropriately balances the seriousness of the offense with Mr. Braun's acceptance of responsibility, cooperation, and efforts at rehabilitation. It reflects punishment, deterrence, and protection of the public—while still recognizing the human capacity for change. Under § 3553(a), that sentence is sufficient, but not greater than necessary.

> **(2)    The need for the sentence imposed--**
> **(1)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**
> **(2)    to afford adequate deterrence to criminal conduct;**
> **(3)    to protect the public from further crimes of the defendant; and**
> **(4)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;**

Mr. Braun readily admitted guilt for his offense. He is aware that he will spend a substantial portion of his life in prison. For the Court's consideration, Mr. Braun also attaches character letters from his family and friends. (See Attached: Character Letters).

> **(3)    The kinds of sentences available;**

The count of conviction carries a mandatory minimum sentence of 15 years and a maximum sentence of 30 years. The Court may impose any sentence between 15 and 30 years of custody.

**(4)    The kinds of sentence and the sentencing range established for the category of offense;**

Mr. Braun's sentencing guideline range is life; however, the statutory maximum in this case is 30 years and so the guideline term of imprisonment is 360 months.

**(5)    Any pertinent policy statement –**

None applicable.

**(6)    The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;**

None applicable.

**(7)    The need to provide restitution to any victims of the offense.**

Not applicable.

## IV.    Conclusion

Mr. Braun urges the Court to impose a sentence of 300 months, or 25 years, of custody because such a sentence would be sufficient, but not greater than necessary, to achieve the purposes of sentencing.

Respectfully submitted,

SEAN R. TILTON
Federal Public Defender

Dated: November 18, 2025

/s/ Elizabeth A. LaCosse
ELIZABETH A. LACOSSE
Assistant Federal Public Defender
925 W. Washington Street, Suite 104
Marquette, Michigan 49855
(906) 226-3050