UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
- - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                       No. 2:24-CR-26

vs.

DALTON WAYNE BRAUN,         Hon. ROBERT J. JONKER
                                             U.S. District Judge
        Defendant.
_____/

**GOVERNMENT'S SENTENCING MEMORANDUM AND RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR DOWNWARD VARIANCE**

Defendant Dalton Wayne Braun repeatedly sexually abused a child (MV1), filmed the abuse, and then distributed those videos to multiple people. Braun pleaded guilty to one count of sexual exploitation of a child, and other counts were dismissed. Braun's guidelines range is 360 months, which is also the statutory maximum sentence of imprisonment. Braun has moved for a downward variance, but for the reasons that follow, the government respectfully requests that the Court impose a guidelines sentence.

### § 3553(a) Factors

1. ***The Nature and Circumstances of the Offense, and the History and Characteristics of the Defendant.***

Braun sexually exploited MV1. MV1 should have been able to look to Braun for love and support and should have been able to trust Braun. Instead, MV1 suffered severe trauma that they will carry with them for the rest of their life. And Braun filmed himself sexually exploiting the child and then distributed videos of the

1

abuse to others. Braun used an end-to-end encrypted messenger to distribute the videos. As a result, the full extent of Braun's distribution of Braun sexually abusing MV1 may never be known. Though Braun has limited criminal history, that is not unusual for a case such as this one.[1] Nor is his prior sexual abuse, substance abuse, and pornography addiction. But one of the many unfortunate circumstances of this case is that the victimization will continue so long as the videos are on the internet. The nature of the crime and the continued victimization of MV1 warrant a guidelines sentence.

Braun did proffer in November 2025. However, the proffer was neither timely nor helpful. Braun's proffer did not provide any significant new information that would or could assist investigators. FBI had already pursued the leads discovered from Braun's devices. Before he proffered, FBI had already used information on Braun's devices that led to twenty additional investigations; six additional victims between ages 2 and 6 being recovered from abusive situations; five additional federal indictments; and two state or local arrests.

2. ***The Need for the Sentence to Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment.***

Braun's crimes were heinous. The impacts his crime will have on MV1 cannot be quantified. Sexual exploitation of children has severe detrimental psychological

---

[1] U.S.S.C., Quick Facts, Sexual Abuse Offenders, Fiscal Year 2024, https://www.ussc.gov/sites/default/files/pdf/research-and-publications/quick-facts/Sexual_Abuse_FY24.pdf.

and physical impacts.[2] MV1 will be forced to grapple with the impacts of Braun's acts for the rest of MV1's life. A guidelines sentence is, therefore, appropriate.

### 3. The Need to Afford Adequate Deterrence and to Protect the Public from Further Crimes of Defendant.

The need for specific and general deterrence warrants a guidelines sentence. Braun victimized a small child, who did not have the capacity to report what Braun was doing to them. Braun preyed on the victim notwithstanding the relationship they should have had. The public—and particularly children—need to be protected from Braun. Moreover, other people who might otherwise engage in this sort of conduct need to be deterred. Imposing a guidelines sentence will help deter others.

### 4. Avoiding Unwarranted Sentence Disparities.

A guidelines sentence will avoid unwarranted sentencing disparities. Though a thirty-year sentence is a significant one, it is not incongruous with other defendants charged and convicted of similar crimes. *See, e.g.*, *United States v. Lynch*, Case No. 25-CR-56 (W.D. Okla.) (360 months after plea to sexual exploitation of a child); *United States v. Burk*, Case No. 23-CR-122 (N.D. Miss.) (360 months for sexual exploitation of a child).[3] Braun received the benefit of pleading guilty to only one count of production of child pornography. Had Braun pleaded guilty to two counts, his

---

[2] *See* Ali, S., Pasha, S., Cox, A. et al., *Examining the short and long-term impacts of child sexual abuse: a review study*. SN Soc Sci 4, 56 (2024), https://doi.org/10.1007/s43545-024-00852-6.

[3] The average sentence for a case such as this one involving production of child pornography with a mandatory minimum was 305 months in FY 2024. U.S.S.C., Quick Facts, Sexual Abuse Offenders, Fiscal Year 2024, https://www.ussc.gov/sites/default/files/pdf/research-and-publications/quick-facts/Sexual_Abuse_FY24.pdf.

3

sentence could have been 60 years. As a result, he has already received a significant benefit from his guilty plea. *Compare, e.g.*, *United States v. Baker*, Case No. 1:24-CR-224 (N.D. Ala.) (960 months total for two counts of sexual exploitation of child and transportation of child pornography). A sentence below the guidelines is not warranted.

Based on the foregoing, the government requests a sentence of 360 months.

## **Special Assessments**

There are three special assessments that arguably apply here. First, Braun owes a $100 special assessment under 18 U.S.C. § 3013(a)(2)(A).

Second, when Braun was originally charged, the Justice for Victims of Trafficking Act (JVTA) provided for a $5,000 special assessment for a person convicted of sexual exploitation of a child. However, the assessment lapsed on September 30, 2025, with the government shutdown. The November appropriations bills reenacted the JVTA but did not do so retroactively. Sections 106(3), 125, H.R. 5371, 119th Cong. (2025). As a result, the $5,000 special assessment does not apply.

Third, there is the special assessment under 18 U.S.C. § 3559. Assessments collected under this statute are deposited in the Child Pornography Victims Reserve, which provides monetary assistance to victims of child pornography trafficking offenses. *See* 18 U.S.C. § 2259B. In determining what amount to assess, the Court must consider the § 3553(a) factors, as well as the factors in § 3572, which include the defendant's earning capacity; whether restitution is ordered; and the expected costs to the government of imprisonment, supervised release, or probation. The government defers to the Court for the appropriate assessment under § 3559.

## Restitution

MV1 through their representative and five victims from known series have made requests for restitution. (R.53: PSR, PageID.174.)

Restitution is mandatory under 18 U.S.C. § 2259. Further, under 18 U.S.C. § 3663(a)(3), the Court may order Braun to pay restitution "to the extent agreed to by the parties" in the plea agreement. *See United States v. Tunning*, 69 F.3d 107, 116 (6th Cir. 1995); *United States v. Sizemore*, 850 F.3d 821, 827 (6th Cir. 2017) (stating that defendant's promise to pay restitution as part of agreement pursuant to 18 U.S.C. § 3663(a)(3) creates independent authority for restitution order that does not require analysis of defendant's ability to pay). Here, Braun agreed to pay full restitution to all victims, including those of dismissed or uncharged conduct, in an amount to be determined by the Court at sentencing. (R.39: Plea Agreement, PageID.84.) Braun agreed that the Court should use 18 U.S.C. § 2259 for calculating restitution for all losses, including dismissed or uncharged conduct. (*Id.*)

Victims have a right to "full and timely restitution as provided by law." 18 U.S.C. § 3771(a). Statutorily, the Court is required to do two things when imposing restitution. First, the Court must order restitution in "the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant.'" 18 U.S.C. § 3664(f)(1)(A). Second, the Court "shall specify in the restitution order the manner in which, and schedule according to which, the restitution is to be paid." *Id.* § 3664(f)(2). When setting the manner of payment, the court evaluates the financial circumstances of the defendant. *Id.* § 3664(f)(2)(A)-(C). However, the Court has wide discretion, and may order payment of "a single,

lump sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments at specified intervals and in-kind payments." 18 U.S.C. § 3664(f)(3)(A).

Braun has approximately $29,000 in assets. (R.53: PSR, PageID.165.) Although he also has unsecured liabilities, more than $17,000 of his assets—including money due to him and vehicles in his father's name—are under the control of his parents and being used for his current and future expenses. It appears, however, that Braun has approximately $10,000 in additional assets, including in an IRA and assets in crypto (*id.*) with which he could make a significant lump sum restitution payment to the victims or on which the government could execute on the victim's behalf.

Consistent with the parties' plea agreement, the government requests that the Court enter an order making $10,000 of Braun's restitution balance payable immediately. (R.39: Plea Agreement, PageID.84.) If the Court chooses to order a payment schedule, the government requests that, consistent with the terms of the plea agreement, the Court specify that such payments are minimum payments only, and do not prevent the government from pursuing any other means under applicable federal or state law to satisfy the obligation. (*Id.*)

Lastly, pursuant to 18 U.S.C. § 3664 (g)(i) "[i]f the court finds that more than 1 victim has sustained a loss requiring restitution by a defendant, the court may provide for a different payment schedule for each victim based on the type and amount of each victim's loss and accounting for the economic circumstances of each victim."

The Court has received restitution requests from five series victims as well as from victim through their representative. (R.53: PSR, PageID.174.) Given the differing economic conditions of the victims and type of harm imposed by Braun on these victims, the government requests that the court prioritize restitution payments to victim through their representative, to ensure that the balance is paid in full first, and then thereafter equally distribute the remaining restitution payments among the series victims.

## Conclusion

The government respectfully requests a sentence of 360 months imprisonment and that the Court deny Braun's motion for a downward variance.

Respectfully submitted,

TIMOTHY VERHEY
United States Attorney

Dated:   November 18, 2025            /s/ *Theodore J. Greeley*
                                      THEODORE J. GREELEY
                                      Assistant United States Attorney